Edward G. Busca, Appellant, v. Frank Gasiorowski et al., Appellees.

Gen. No. 39,242.

Opinion filed October 20, 1937. Rehearing denied November 2, 1937.

DAVID H. CAPLOW and EARLE G. KALLEN, both of Chicago, for appellant.

J. E. YAFFE and ALFRED J. KOLOMYSKI, both of Chicago, for appellees.

Mr. Justice Hall delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of a decree and order of the superior court of Cook county, dismissing a petition for the foreclosure of an alleged mechanic's lien on real estate. Issues were joined upon the petition and answers of defendants, and the matter was referred to a master in chancery, who, after hearing evidence, recommended the dismissal of the petition.

The record indicates that on and prior to July 24, 1930, the defendants, Frank Gasiorowski and Nellie Gasiorowski, his wife, were the owners of the real estate involved, located at 1348 and 1352 North Ashland avenue in the city of Chicago. The property at 1348 North Ashland avenue was improved with a frame, two-story building, and that at 1352 North Ashland avenue was improved with a brick, three-story building. Prior to that time, the city of Chicago had instituted a proceeding for the widening of Ashland avenue, which necessitated the taking of 17 feet off the front of the Gasiorowski properties, which included a portion of the buildings. An adjustment was made with the city of Chicago, by which the city agreed to pay the Gasiorowskis, after deducting certain sums owed the city on account of special assessments, the net sum $6,877, as compensation for their property taken and damaged. At this time, the defendant, Polish Roman Catholic Union of America, held a first mortgage on the property to secure a debt of the Gasiorowskis to it. Under the terms of a settlement made between the Gasiorowskis and the city of Chicago, it became necessary that the two buildings be moved back 17 feet, and the contract hereinafter mentioned was entered into between the Gasiorowskis and the plaintiff to do the work in connection therewith. Before the city of Chicago would pay over the money on account of such award, it became necessary that a re-

lease of the mortgage of the Polish Roman Catholic Union of America, as to the 17 feet, be obtained. Also, it appears that one Robert F. Bradburn, attorney-at-law, who had represented the Gasiorowskis in the condemnation proceeding, had filed a claim for an attorney's lien with the city of Chicago for his attorney's fees amounting to $839, and it became necessary that it be arranged that a release of this lien be obtained before the city would agree to pay over the money on account of the award. On July 24, 1930, a written agreement was entered into between the Gasiorowskis and the plaintiff by which plaintiff agreed to move the buildings back, and to do a considerable amount of other work in connection therewith, for a price named, which contract provided, among other things, that the plaintiff ''shall and will, for the consideration hereinafter mentioned, on or before the October 31, 1930, well and sufficiently erect and finish the building.'' Thereafter, the following additional agreement was entered into:

''Memorandum of agreement made and entered into this 9th day of December, 1930, by and between Edward G. Busca of the City of Chicago, and State of Illinois, and the POLISH ROMAN CATHOLIC UNION OF AMERICA, witnesseth; that,

''WHEREAS, The Polish Roman Catholic Union of America is the holder of a mortgage dated September 26, 1929, and recorded as document No. 10506277 made by Frank Gasiorowski and Nellie Gasiorowski for the sum of Thirteen Thousand Dollars ($13,000.00) covering the premises commonly known as:

''Lots five (5) six (6) and seven (7) in Bauen & Hoffman's subdivision of Section six (6), Township thirty-nine (39) North, Range fourteen (14), and

''WHEREAS said Frank Gasiorowski and Nellie Gasiorowski having entered into a contract with the said Edward G. Busca for the remodeling of the improve-

ments situated on the premises hereinabove described, in which said contract the price stated is Nine Thousand Fifteen Dollars ($9,015.00), and

"WHEREAS a part of said premises has been condemned by the City of Chicago and the gross compensation awarded to the owners for the part condemned is Nine Thousand Three Hundred Sixty-one Dollars ($9,361.00) and that the net amount thereof to be realized by said Frank Gasiorowski and Nellie Gasiorowski is approximately Five Thousand Eight Hundred Dollars ($5,800.00).

"Now THEREFORE in consideration of the sum of One Dollar in hand paid and other good and valuable considerations the receipt whereof is hereby acknowledged and in further consideration of the Polish Roman Catholic Union of America issuing a partial release deed covering that part of said premises condemned by the City of Chicago and in paying out to the contractor and sub-contractor the net amount paid over to it out of said compensation at the direction of the said Frank Gasiorowski and Nellie Gasiorowski, the said Edward G. Busca agrees to and does hereby waive and relinquish any and all claims for liens for work, labor, services rendered or performed now or hereafter on the premises hereinabove described in connection with the remodeling thereof, and further agrees to keep and save harmless the said Polish Roman Catholic Union of America from any and all mechanics lien claims of himself or any of his sub-contractors or material men, and further agrees to and does hereby subordinate his claim for lien for work, labor and services or material performed or delivered to said premises to the lien of the mortgage of the Polish Roman Catholic Union of America first hereinabove referred to, and further, to accept a junior mortgage executed by Frank Gasiorowski and Nellie Gasi-

orowski for the unpaid balance of the contract price on the contract hereinabove referred to.

"The Polish Roman Catholic Union of America in consideration of the premises does hereby agree to execute a partial release, releasing from the mortgage first hereinabove referred to that part condemned by the City of Chicago and to accept the net amount realized in the condemnation proceedings and to pay out the sum to the contractors, subcontractors and material men on orders signed by said Frank Gasiorowski and Nellie Gasiorowski and by Edward G. Busca.

"In witness whereof the parties hereto have placed their hands and seals this 9th day of December, 1930.

"Edward G. Busca    (Seal)

"Approved:

FRANK GASIOROWSKI -

NELLIE GASIOROWSKI"

Under this latter agreement, the net amount of the award paid by the city of Chicago on account of the proceeding for widening Ashland avenue, was deposited with the defendant, Polish Roman Catholic Union of America, which thereupon executed a partial release of its mortgage, and the Polish Roman Catholic Union of America paid to Bradburn, on account of his attorney's lien, the sum of $839. For a short time, plaintiff proceeded with the work which he had contracted to perform, and the sum of $5,053.32, was paid to him or his subcontractors, under the terms of and in the manner provided by his contract with the Polish Roman Catholic Union of America, which payments were approved by the Gasiorowskis. It appears from the record, however, that a large proportion of such work had not been completed on January 22, 1931. Because of the delay and a controversy over the character of the work performed by the plaintiff, Frank Gasiorowski notified the plaintiff

on January 25, 1931, that "he was through." Gasiorowski testified to the effect that on January 2, 1931, and prior thereto, he had given notice to the plaintiff to finish up, but that because of his pleas, the witness told him that he could have two weeks more. Gasiorowski also testified that there was a small amount of work done on January 15th and 16th, and that "nobody worked after that day."

The Gasiorowskis take the position that, by the terms of the contract between plaintiff and the Polish Roman Catholic Union of America, approved by the Gasiorowskis, plaintiff waived his lien. An examination of this document shows clearly that this is not true. It distinctly provides that he merely subordinated any lien which he might have for work, labor and service or materials furnished, to the lien of the mortgagee, and that he agreed to accept a junior mortgage to be executed by the Gasiorowskis for any unpaid balance on the contract price for the work. There is no evidence that any such mortgage was tendered.

Plaintiff testified before the master and admitted that the work which he agreed to do for defendants was not completed on October 31, 1930, in accordance with his agreement; that from September 16, 1930, when the work was started, to October 31, 1930, the date on which he agreed to complete it, he did not have men working daily during regular working days; and that he had men working during that period only about three-quarters of the time, but that after October 31, 1930, he had men steadily employed during regular working days; and that he, himself, was on the premises steadily from October 31, 1930, until he was ordered from the work.

The work was completed by a general contractor named Frank Koellner, who testified that he started to work on the property some time in July, 1931. He also testified to the effect that when he started to

work, the building had been moved, but that the floors were not level, that the building was not properly set, that the floor joints had to be replaced and the floors straightened out, that the plastering in every room was loose, that he repaired all the doors and windows, placed new windows on the front and side, and new front doors, that he repaired the outside of the building, and constructed cement steps in front, that the two front doors and their transoms had been damaged in moving and had to be replaced, that all the wires on the outside had to be changed and new conduit pipes put in, that practically every room had to be plastered or patched, that the only room in the two buildings which was completely plastered, was the kitchen at 1348, that he had to take out approximately 55 or 60 bad joists, which were decayed, that the floors sagged 2½ to 3 inches, and had to be raised because they were not properly braced, that he put in trim work in the front hall and on the railings, and that he finished up the windows, frames and trim, that he put in one door from the hallway to the first floor, that because of the moving of the building, the door frames were out of shape and had to be recut and refitted, that the floors had to be refinished. In fact, the testimony of this witness indicates that after he took charge, he did a very large proportion of the work which plaintiff had agreed to do under his contract. Plaintiff does claim that Koellner did considerable work other than the work which plaintiff was to do. None of this is denied by the defendants, but, if so, is beside the point. Frank Koellner was paid $3,400, for the work performed by him.

We have examined plaintiff's testimony carefully, and in no place does he claim that there was a substantial compliance with his contract, nor that any particular effort was made by him to perform within

the time agreed, to wit: October 31, 1930, or at all. He gives no legitimate excuse for his failure.

We are of the opinion that upon the entire record, the court was correct in dismissing the petition. The judgment of the superior court is, therefore, affirmed.

*Affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.